IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| MILES THOMAS,<br><br>           Plaintiff,<br><br>     vs.<br><br>TERRANCE MAUAI, *et al.*,<br><br>           Defendants. | Case No. 24-cv-00337-DKW-WRP<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES AND COSTS**[1] |

On August 8, 2024, Plaintiff Miles Thomas, proceeding *pro se*, filed a Complaint, alleging that Defendants Terrance Mauai, Tulutulu Tavita, Kekoaokalani Koko, and Inutivaha Tevaga violated his civil rights by "using mind reading technology to threaten and harass [him] every day for almost 2 years." Dkt. No. 1 at 5. That same day, Thomas also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 4.

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit which demonstrates that they lack the ability to pay. Although Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he

---

[1] Pursuant to Local Rule 7.1(d), the Court elects to decide these matters without a hearing.

must nevertheless "allege poverty with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, the Court lacks sufficient information to determine whether Thomas may proceed *in forma pauperis*. Specifically, although Thomas asserts that he receives "Food Stamps and Financial Assistance" in addition to his $894 monthly wages, he does not provide the amount of those benefits. *See* Dkt. No. 4 at 1. Similarly, while Thomas claims that he has student loans, he fails to specify the monthly payments or balance for such obligations. *See id.* at 2. As a result, the Court is unable to properly assess whether Thomas is capable of paying the filing fee while still affording the "necessities of life." *See Escobedo*, 787 F.3d at 1234. His IFP Application, Dkt. No. 4, is therefore DENIED WITHOUT PREJUDICE.

Should Thomas wish to proceed with this action, he must either pay the $405 civil filing fee or file a new *complete* IFP Application by **August 26, 2024**. If he chooses to file a new IFP Application, Thomas must *fully answer* all questions, including by specifying the amounts of his various benefits and

- 2 -

obligations.² **The Court cautions Thomas that the failure to file either a complete IFP Application or to pay the civil filing fee by this date may result in the dismissal of this action without further notice or consideration of the merits of the Complaint.**

The Clerk of Court is DIRECTED to mail Thomas a blank Application to Proceed in District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

DATED: August 12, 2024 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge

---

*Miles Thomas vs. Terrance Mauai, et al*; Civil No. 24-00337 DKW-WRP; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES AND COSTS**

---

²There are other details missing from Thomas' IFP Application, such as why he "can not access" his savings bonds, the value of those bonds, and the amount and frequency of the "support" he provides to his children.  *See* Dkt. No. 4 at 2.  These missing details also make assessment of his application difficult.