IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MILES THOMAS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TERRANCE MAUAI, *et al.*,<br><br>　　　　Defendants. | Case No. 24-cv-00337-DKW-WRP<br><br>**ORDER DISMISSING CASE**[1] |

On August 8, 2024, Plaintiff Miles Thomas, proceeding *pro se*, filed a Complaint against Defendants Terrance Mauai, Tulutulu Tavita, Kekoaokalani Koko, and Inutivaha Tevaga, alleging that they violated his civil rights by "using mind reading technology to threaten and harass [him] everyday for almost 2 years" as well as "click[ed] guns on [him] and in [his head], stole mail, . . . [h]acked [his] Spectrum account, stole things, planted cameras and . . . threaten[ed] [his] girl." Dkt. No. 1 at 5. Simultaneously, Thomas also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 4.

On August 12, 2024, the Court issued an Order denying Thomas' IFP Application without prejudice based on his failure to fully complete the form. Dkt. No. 6. Therein, the Court explicitly informed Thomas that to proceed with this

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

case, he must file either a new, complete IFP Application or pay the civil filing fee. *See id.* at 2. In addition, the Court also cautioned Thomas that should he fail to do either of these things by August 26, 2024, his case would be dismissed without further notice or consideration of its merits. *See id.* at 2–3. That deadline has now passed, and Thomas has neither filed a new IFP Application nor paid the filing fee. Accordingly, as indicated in the August 12, 2024 Order and more fully explained herein, this case is DISMISSED WITHOUT PREJUDICE.

Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). In doing so, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* Here, upon careful consideration of each factor, the Court finds that this case should be dismissed without prejudice.

First, this case cannot proceed without either payment of the filing fee or submission of a new IFP Application. *See* 28 U.S.C. § 1914(a). Thomas' failure to substantively respond to the August 12, 2024 Order therefore prevents the resolution of this case on the merits, and hinders the public's interest in the

expeditious resolution of litigation.  Accordingly, this factor favors dismissal.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Thomas' failure to comply with the August 12, 2024 Order impedes this Court's ability to manage its docket.  Put simply, the Court cannot properly manage its docket where litigants such as Thomas fail to timely respond to the Court's instructions and orders.  Consequently, this factor also favors dismissal.

Third, Thomas' failure to pay the filing fee or submit a new IFP Application in a timely manner risks prejudice to Defendants.  The Ninth Circuit has explained that in evaluating this factor, the risk of prejudice is related to the plaintiff's reason for failing to prosecute an action.  *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 292 F.3d at 991).  Here, despite the Court's explicit explanations and instructions, Thomas has failed to pay the filing fee, submit a new IFP Application, request an extension, or provide any excuse or rationale for his failure to do so.  Given his non-responsiveness, this factor tips towards dismissal.  *See id.* at 643.

Fourth, the Court already attempted to provide a less drastic alternative to dismissal when it first provided Thomas with an opportunity to pay the filing fee or submit a new IFP Application.  At that point, the Court explicitly warned Thomas that failure to comply with its directions would result in the dismissal of this action without further notice or consideration of the merits.  Nevertheless, Thomas failed

to take advantage of this opportunity.  Consequently, this factor also favors dismissal.  *See Ferdik*, 963 F.2d at 1262 (explaining "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." (citations omitted)).

Fifth and finally, because public policy favors disposing of cases on their merits, this factor weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.

In sum, because four out of five factors favor dismissal, this case is DISMISSED WITHOUT PREJUDICE pursuant to the Court's August 12, 2024 Order.  *See Ferdik*, 963 F.2d at 1263 (finding dismissal warranted where three out of five factors weighed in favor of dismissal); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (finding that where four factors favor dismissal, they are not outweighed by public policy favoring the resolution of cases on their merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: August 28, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

*Miles Thomas vs. Terrance Mauai, et al*; Civil No. 24-00337 DKW-WRP; **ORDER DISMISSING CASE**